UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELMER RAMIRO PERDOMO MARROQUIN,     18-CV-1070 (JS)(ARL)

                        Plaintiff,

   -against-

KIEL CUTS LANDSCAPING, INC. d/b/a KIEL'S
TREE CARE and KIEL DWYER,

                       Defendants.
----------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL OF A FAIR LABOR STANDARDS ACT CASE [UNOPPOSED]

I.     PRELIMINARY STATEMENT

Plaintiff, Elmer Ramiro Perdomo Marroquin ("Plaintiff"), and Defendants seek approval of the terms of the parties' settlement agreement ("Settlement Agreement"). The Settlement Agreement resolves Plaintiff's claims asserted against Defendants, including claims under the Fair Labor Standards Act, 29 U.S.C. section 201 *et. seq.* ("FLSA"). Enclosed with this Memorandum is a copy of the Settlement Agreement for the Court's review and approval [Exhibit A]. The Agreement represents a good faith effort between experienced counsel to negotiate an action under the FLSA and New York Labor Law ("NYLL"), resulting in a settlement which provides Plaintiff with a substantial recovery of his damages under applicable law. Accordingly, Plaintiff and Defendants respectfully requests that the Court approve the Agreement as submitted, dismiss this action with prejudice, and retain enforcement jurisdiction to ensure that Defendants comply with the payment terms of the Settlement Agreement.

II. PLAINTIFF'S ALLEGATIONS AND DEFENDANTS' RESPONSES

On February 20, 2018, Plaintiff, represented by counsel herein, filed a wage-and-hour lawsuit against Defendants alleging FLSA and NYLL violations [D.E. 1]. Plaintiff contends that during the FLSA and NYLL statute of limitations time period of his employment with Defendants, he worked between 66 and 78 hours a week depending on the time of year without being paid overtime compensation. During discovery, Plaintiff's counsel calculated a damages chart for Plaintiff [Exhibit B]. Plaintiff's reasonable estimate of his FLSA/NYLL overtime claim is $26,924.39. In preparing the damages chart, Plaintiff's counsel did not take into account any of Defendants' defenses, as discussed herein.

Defendants dispute Plaintiff's allegations, and contend that they have substantially complied with the FLSA and NYLL. Defendants dispute the alleged time periods of Plaintiff's employment as well as the hours Plaintiff claims to have worked each week. Defendants claim that during the entire FLSA and NYLL statutory time period, they paid Plaintiff for every hour that he worked. Defendants concede that they may owe Plaintiff some compensation at the half time rate, but aver that such compensation is minimal at best. Defendants presented time records and payroll records for Plaintiff to show substantial compliance with the FLSA and NYLL. Further, Defendants contend that their time records provides a defense to Plaintiff's claims. In sum, there is a *bona fide* dispute between the parties regarding Plaintiff's wage and hour claims. The instant settlement constitutes the parties' effort to resolve same in an amicable fashion through arm's length bargaining.

III. SETTLEMENT NEGOTIATIONS

For over a month, the parties exchanged demands, damages charts, offers and counter-offers. Eventually, after lengthy and substantive negotiations, the parties agreed to settle this

action for a total of $33,500.00. Plaintiff recognizes that Defendants' agreement to settle this matter does not constitute an admission of any liability whatsoever. Plaintiff further recognizes that Defendants continue to deny that Plaintiff's claims have any merit. Pursuant to the agreed-upon settlement, Plaintiff will receive $22,500.00, which constitutes more than 83% of his claimed FLSA and NYLL overtime compensation. Additionally, Defendants are paying Plaintiff's attorney's fees in the amount of $11,000.00.

## IV.     THE SETTLEMENT IS FAIR AND REASONABLE

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) considers Defendants' payroll and employment records exchanged during the course of discovery; (3) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (4) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

1. *The Agreement Fairly Accounts for Plaintiff's Possible Recovery*

As noted above, Plaintiff will be receiving $22,500.00. Further, his attorney's fees are being paid by Defendants. Clearly, it cannot be said that the Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Agreement only resolves the *bona fide* dispute between the Parties relating to the payment of Plaintiff's wages and the other claims raised in the Complaint. The Agreement does not contain a general release, a confidentiality provision, or a non-disparagement clause. Further, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the agreement. Accordingly, it is apparent that the Agreement amount fairly accounts for Plaintiff's possible recovery in this matter.

2. *The Risk and Expenses Faced by the Parties*

Both Parties in this matter face substantial risks in proceeding forward in this litigation. Defendants are confident that they could prevail at trial on their defenses given they have produced a significant amount of documents that seemingly buttress their defenses. Additionally, and as noted *supra*, Plaintiff faces the possibility of receiving a minimal recovery. Further, Plaintiff faces

the prospect of waiting months, if not years, for the matter to proceed through motion practice and eventually, trial.

Conversely, while Defendants are confident that they would be able to severely undermine, if not defeat, Plaintiff's claims, they are also mindful that this would have only occurred after a protracted litigation at significant cost. Moreover, the costs of litigation and prospects of liability for Defendants clearly weigh in favor of early resolution, even at the cost of having to accept Plaintiff's allegations, which they nevertheless flatly reject. Accordingly, both Parties face substantial risks in proceeding forward with the litigation, which weighs heavily in favor of approval of the Agreement.

3. *The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

Finally, it cannot be disputed that the Agreement was the product of legitimate bargaining between experienced counsel which was devoid of any semblance of fraud or collusion. The Parties' respective counsel zealously advocated on behalf of their clients throughout, from negotiating the amount of the settlement, to the terms and conditions of same. Far from the product of fraud or collusion, the Agreement constitutes an effort by experienced labor and employment counsel for both Parties to resolve the dispute under the best possible circumstances for their respective clients. Accordingly, the Agreement should be approved by the Court.

V. PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES SHOULD BE APPROVED

The agreed upon settlement amount is inclusive of attorneys' fees. Plaintiff's counsel is waiving its costs and is receiving fees of $11,000.00, or just under one-third of the settlement amount. See Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). See also Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug.

17, 2015) (Francis, M.J.) (awarding plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); Kinney v. Artist & Brand Agency L.L.C. et al., 13 CV 8864 (LAK)(DCF) (S.D.N.Y. August 25, 2016) (reducing plaintiff's counsel's fee to one-third of the net recovery); Gaspar v. Pers. Touch Moving, Inc., 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit"). For the purposes of this settlement only, Defendants take no position with respect to Plaintiff's application for attorney's fees. It is respectfully submitted that the attorney's fees as set forth in the Settlement Agreement are fair and reasonable.

## VI. CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court approve the Parties' Agreement and dismiss this case with prejudice.

Respectfully submitted by,

Neil H. Greenberg & Associates, P.C.
/s/
By: Justin M. Reilly, Esq.
Attorneys for Plaintiff
4242 Merrick Road
Massapequa, New York 11758
(516) 228-5100